UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Xavier L. McCoy, # 234419, ) | C/A No. 4:08-3289-PMD-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Mr. Henry McMaster, Attorney General; ) | |
| Mr. Joseph D. Spigner, Attorney of Sumter County; ) | |
| Mr. W. Conner Jr., Solicitor of Sumter County; ) | |
| Sumter County Counsel all member et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Introduction

The plaintiff, Xavier L. McCoy, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names the Attorney General for the State of South Carolina as a defendant.[2]  The plaintiff alleges that his constitutional rights have been violated because his attorney in the state criminal proceeding provided ineffective assistance.  The complaint should be dismissed for failure to state a claim upon which relief may be granted and based upon absolute immunity.

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Even if the plaintiff had paid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff alleges that he pleaded guilty to a crime[3] in South Carolina general sessions court because his attorney, defendant Spigner, advised the plaintiff that he would receive a seven (7) year sentence if he pleaded guilty. The plaintiff alleges that he actually received a fifteen (15) year sentence. The court gleans from the complaint[4] that the plaintiff alleges that he would not have pleaded guilty had he known that his sentence was to be fifteen years. Thus, he claims that his

---

[3] He does not allege any particulars related to the crime.

[4] In his complaint and the "declaration," the plaintiff recites mostly legal arguments and gives few facts.

3

attorney provided ineffective assistance of counsel in violation of his Fourteenth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel. In the complaint, the plaintiff seeks this relief: "plaintiff want 1-million dollar in they individual capacity money damages, 1-million dollar in they official capacity injunction, 1-million dollar in they nominal damages because plaintiff rights have been violated. Or give the plaintiff a new trial." (Complaint at 5.)

The essence of this complaint is that the plaintiff wants monetary damages because he pleaded guilty to a crime thinking that he would receive seven years but he received fifteen years.[5] He alleges that his constitutional rights were violated due to his receiving ineffective assistance of counsel in the form of bad advice about the length of his sentence. This § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted and has no arguable basis in law. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

---

[5] To the extent the plaintiff seeks a new trial or to vacate his guilty plea, that is more appropriate for a 28 U.S.C. § 2254 habeas action.

4

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

A favorable determination on the merits of the plaintiff's claims in this § 1983 action would imply that the plaintiff's criminal guilty plea was invalid due to ineffective assistance of counsel. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). The plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court conviction; thus, this complaint should be dismissed.[6]

Additionally, each named defendant is subject to summary dismissal for different reasons as explained herein. The plaintiff named as a defendant the solicitor of Sumter County, Mr. W. Conner, Jr., who presumably prosecuted the plaintiff's criminal case in state court. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors, including defendant Conner, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond

---

[6] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606 (1993); and *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934 (1991). Because defendant Conner is being sued presumably because of his prosecution of the plaintiff and the guilty plea deal, any action taken by Conner would have been taken during the judicial process; therefore, he has absolute immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Spigner represented the plaintiff in the state court criminal proceeding; it is not alleged whether he was retained or court-appointed. However, either way, Spigner is subject to dismissal from this lawsuit because he did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

Lastly, there are no factual allegations whatsoever against defendants Mr. Henry McMaster, Attorney General for South Carolina, or "Sumter County Counsel,[7] all members." Therefore, both

---

[7] Most likely, the plaintiff intended "Council" instead of "Counsel."

6

of these defendants should be dismissed for failure to state a claim upon which relief may be granted and frivolousness.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 10, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).