**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

Xavier R. McCoy, # 234419,　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　　）
　　　　　　　　　　　　　　　　　　）　　　C.A. No.: 4:08-3289-PMD-TER
v.　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　　**ORDER**
Henry McMaster, Attorney General;　）
Joseph D. Spigner, Attorney of Sumter　）
County; W. Conner Jr., Solicitor of Sumter　）
County; and Sumter County Counsel all　）
member et al.,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendants.　　　　）
_____）

　　　This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case without prejudice and without issuance and service of process.  The record contains a Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1]  A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1).  Plaintiff filed timely objections in response to the R&R.  Plaintiff also filed a Motion for Summary Judgment.  For the reasons set forth herein, Plaintiff's Claim for Relief under § 1983 is dismissed, and Plaintiff's Motion for Summary Judgment is denied.

**BACKGROUND**

　　　Plaintiff Xavier L. McCoy ("Plaintiff" or "McCoy") is currently an inmate serving a 15 year sentence at McCormick Correctional Institution ("MCI") on a conviction for robbery. Plaintiff asserts that his constitutional rights were violated during the trial and sentencing, and

_____

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

asserts a claim for relief under 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that his counsel was ineffective, as he was told that if he pled guilty, he would receive a sentence of seven years of imprisonment.  Instead, after he pled guilty, he received a fifteen year sentence. He alleges that the conduct of the prosecutor and of his defense attorney therefore violated his constitutional rights, and seeks monetary relief.

Plaintiff filed his Complaint in this matter on September 30, 2008, proceeding *pro se* and *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915, Magistrate Judge Thomas E. Rogers reviewed Plaintiff's Complaint on its merits.  On December 10, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's § 1983 action. On December 31, Plaintiff filed timely Objections to the R&R.  Plaintiff filed a Motion for Summary Judgment on May 14, 2009.

## STANDARD OF REVIEW

### I.    Magistrate Judge's Report & Recommendation

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter."  Fed. R. Civ. P. 72(b).  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the

2

recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report, the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's Objections. The Magistrate Judge fairly and accurately summarized the facts in this case and this Court incorporates the R&R into this Order by specific reference.

## II.    28 U.S.C. § 1915

The Prison Litigation Reform Act ("PLRA") permits a prisoner to file, with court authorization, a civil action without prepayment of fees if he or she submits an affidavit of assets that shows that they are unable to pay such fees. 28 U.S.C. § 1915(a)(1). However, a complaint in such a case is also subject to additional screening procedures, and may be dismissed under § 1915(e)(2)(B) where the court determines that "the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The standard to be applied in determining whether or not a claim should be dismissed for failing to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is the same standard which is applied to determine whether a claim should be dismissed for the same reason under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). A court should only dismiss a case pursuant to Rule 12(b)(6) if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff

3

cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III.    Summary Judgment

To grant a party's motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.' " *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

4

## ANALYSIS

Plaintiff seeks damages from Defendants because he claims that his guilty plea was based upon information given to him by the solicitor and the defense counsel, specifically informing him that he would receive a seven-year sentence if he pled guilty.  Plaintiff claims that he pled guilty in reliance upon these representations.  He claims that the misrepresentation of his possible sentence of imprisonment on the relevant charge constitutes a violation of his rights to due process and counsel, and entitles him to monetary damages from Defendants pursuant to § 1983.

Plaintiff's essential claim, then, is that his guilty plea, and subsequent sentence, is invalid.  However, the Supreme Court of the United States has held that in order to recover damages for imprisonment and sentencing in violation of the constitution, the imprisonment or sentencing must first successfully be challenged.  *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  A prisoner's damages claim that would "necessarily require [him] to prove the unlawfulness of his conviction or confinement" cannot be brought under § 1983.  *Id*.  Because a claim for damages that does not bear a relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983, Plaintiff may not recover monetary damages until the imprisonment is first successfully challenged.

Most importantly, the Supreme Court held in *Heck* that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff(s) would necessarily imply the invalidity of his conviction or sentence; if it would, the

5

complaint must be dismissed unless the plaintiff(s) can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In this case, Plaintiff is asserting that his guilty plea, conviction, and sentence were invalid. Simply put, there is no possible way that this Court could grant Plaintiff's desired relief without necessarily invalidating the conviction and sentence imposed upon Plaintiff by the State of South Carolina. The appropriate method for asserting such a claim, therefore, is to directly appeal his conviction in state court, not to bring a § 1983 action in federal court.

If Plaintiff's direct appeal is unsuccessful, he still has the opportunity to file an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. (1976). Furthermore, if Plaintiff's application for PCR is denied or dismissed, he can then file an "appeal" (petition for writ of certiorari) in that PCR case. *See* S.C. Code Ann. § 17-27-100 (1976). If Plaintiff seeks habeas relief in federal court, he must file an action pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.") Accordingly, Plaintiff's claim should be dismissed without prejudice pursuant to *Heck*.

More recently, Plaintiff filed a Motion for Summary Judgment on these claims. He made no new factual or legal claims, but simply stated again that he only pled guilty because he thought he would be receiving a seven-year sentence, and this entitled him to relief as a matter of law. However, as this Court previously explained, these allegations fail to establish an issue of material fact as to any possible claims Plaintiff may have under § 1983, and these claims therefore fail as a matter of law.

## <u>CONCLUSION</u>

It is, therefore **ORDERED**, for the foregoing reasons that Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice and without issuance and service of process. The Court further **ORDERS**, for the foregoing reasons, that Plaintiff's Motion for Summary Judgment is **DENIED**, and that all other outstanding motions are rendered **MOOT**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 20, 2009**

7